[No. 23307. Department One. April 13, 1932.]

AGNES Z. CRUMBLEY, *Respondent*, v. ALFRED K. CRUMBLEY, *Appellant*.[1]

*Gleeson & Gleeson*, for appellant.

*Davis, Heil & Davis*, for respondent.

MITCHELL, J.—This is a divorce action brought on the grounds of cruelty. The parties have two children, one ten years of age, the other nine, both girls.

Upon the trial, findings of fact, conclusions of law and an interlocutory decree were entered for the plaintiff giving her seventy-five dollars per month as alimony and support for the children, "until the further order of the court;" giving her the custody and control of the children with the right of the father to visit them at convenient times and places and to have them with him thirty days each summer vacation; and making disposition of the property of the parties. The defendant has appealed.

While there was some dispute in the evidence as to the facts constituting the cause for divorce, we are satisfied that the evidence preponderates in favor of the findings and the interlocutory order in favor of the

[1]Reported in 9 P. (2d) 1117.

respondent. No good purpose would be served, in our opinion, by setting out the specific charges in this respect or detailing the evidence relating to them.

In presenting the case on appeal, considerable attention has been given by the parties to the disposition made of their property, and as we think some change must be made in this respect, we shall speak of the matter with more particularity. The values fixed by the court were established by a fair preponderance of the evidence.

Item one. Lots 1 and 2, block 29, Fairport, Oregon, improved, worth three thousand dollars, rental value twenty dollars per month. This was given to respondent by her adoptive father and was awarded to her by the decree.

Item two. Lots 3 and 4, block 29, Fairport, Oregon, purchased by the parties, who erected a dwelling house thereon, worth thirty-eight hundred dollars as improved, rental value twenty-five dollars per month. This, by the terms of the decree, was awarded, an undivided one-half interest to the respondent, she to have the use of and income from it until the children become twenty-one years of age, "such use and income, however, subject to the further order of the court," she to pay one-half of the taxes, assessments and upkeep of the property; and the other undivided one-half interest is awarded by the decree to the appellant, subject to respondent's right of possession and income from it until the children become twenty-one years of age, he to pay one-half of the taxes, assessments and upkeep of the property.

Item three. What is known as "the Joy 70-acre tract" in section 25, township 3 north, range 2 west Willamette meridian, in Multnomah county, Oregon, unimproved, value fourteen hundred dollars. This

property was awarded, an undivided one-half interest to each party, each to pay one-half of the taxes, assessments and upkeep.

Item four. Lots 4, 5 and 6, block 48, Columbia City, Oregon. This is the home of her adoptive father, who conveyed it to her, subject to a life estate in himself, who continues to occupy it. This property, which of course pays no income, was awarded to the respondent.

Item five. Five hundred dollars in the Spokane Savings Bank and a one hundred dollar liberty bond, and all household goods and furniture, not valued, were awarded to the respondent.

Item six. A used 1924 Buick automobile, not valued, and life insurance policies, neither valued nor otherwise described in the findings or decree, were awarded to the appellant.

The appellant has been continuously employed as a dependable mechanic, earning good wages, and all that he gets out of the savings is, (1) an undivided interest in a residence, as to which he will have not even an undivided right of possession for more than ten years, and in the meantime required to pay one-half of the taxes and upkeep, (2) an undivided one-half interest in a seventy-acre unimproved tract, and (3) an old automobile and insurance policies, not valued.

The division of the property is not fair and proper, as it seems to us. In property settlements in cases of this kind, the award of tangible real and personal property must be considered, of course, in connection with whatever amount, if any, is given as alimony or support money, which latter, being subject to change by order of the court during the minority of the children, affords the means of correcting future inequalities and burdens, if any arise.

Again, upon granting a divorce, it appears to be in-

advisable, in respect particularly to property of comparatively small value, to distribute it to the parties in undivided interests, where, as in item two, charges in uncertain amounts which may be made by one of the parties are imposed on the other, who has no right of use or possession of the property. Such situations are too apt to lead to annoyance, delays and expense to both parties, and possibly litigation, which should ordinarily be avoided. To avoid the possibility of such future trouble, and also accomplish what appears to be a more just division of property among the parties, the whole of the property described in item two should be and it is given to the respondent, and the whole of the property described in item one should be and it is given to the appellant. In all other respects, the decree appealed from will not be disturbed.

The cause is remanded, with directions to the superior court to modify the interlocutory decree as herein suggested. Neither party will recover costs in this court.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.